[No. 8144.]

RILEY v. TRAINOR.

ELECTIONS—*Ballot—How the Voter Shall Express his Intention.*
Under §§ 2235, 2259 of the Revised Statutes and § 1 of the Headless
Ballot act (Laws 1913, p. 685) the voter is required to express his
choice by making an X in the space left for the purpose, opposite the
name of the candidate for whom he desires to vote.   (158)

There being three candidates for the office in question, sundry
voters wrote in the spaces left for this purpose, under the word indi-
cating the office, the names of three persons, among them the name of
the contestor. No cross was set opposite the contestor's name upon
any of these ballots. *Held* they were not to be counted for contestor.
*Baldwin v. Wade*, 50 Colo. 107, distinguished.   (159)

*Error to Crowley County Court*—Hon. G. F. PAT-
RICK, Judge.

Mr. I. H. STANLEY, for plaintiff in error.

Mr. DAN. B. CAREY, for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the
court:

At a municipal election held in the town of Ord-
way, plaintiff in error, Riley, and the defendant in error,
Trainor, were candidates for the office of trustee of the
town, for the term of two years. Upon a count of the bal-
lots, the election judges found that Riley had received
one hundred and twenty votes, and Trainor one hun-
dred and seventeen, and, upon a canvass, Riley was de-
clared elected. Thereupon, Trainor instituted a contest,
and, after trial and recount of the votes, the court found
that Trainor had received one hundred and twenty-one
votes and Riley one hundred and twenty, and rendered
judgment in favor of Trainor.

Several assigned errors have been argued by the
plaintiff in error, but, in the view we take of the matter,
it is necessary to notice one only. At the election, three
trustees were to be chosen for a term of two years. On
the official ballot, under the designation of that office,
there were printed the names of three candidates in
separate spaces, to the right of each of which there ap-
peared the name of the party he represented and then a
small square or space in which the voter might make his
cross. Among these printed names was that of Riley.
Below the printed names, were three blank spaces, as the
law required, in which the elector might write the name of
any person or persons, for whom he desired to vote, as
trustee for the term designated. At the extreme right
of these blank spaces were the small spaces for the
cross mark, the same as appeared after  the  printed

names.  When the ballots were counted, three were found, in each of which the elector had written three names in the blank spaces provided for that purpose, among which was written the name of Trainor.  There was no cross or mark after or near any of the six names on the ballots.  In fact the three ballots, so far as that office was concerned, appeared the same as they did when given to the elector, except that the three names were written thereon in the spaces that had been blank.  With respect to the particular office in question, each appeared as follows:

| FOR TRUSTEES For Term of Two Years | (Vote for Three) | |
|---|---|---|
| GEORGE E. BEAVER | Law and Order Party | |
| E. I. OLIVER | Law and Order Party | |
| GEORGE RILEY | Law and Order Party | |
| *J. P. Bouldin* | | |
| *Jas Trainor* | | |
| *C. N. McNutty* | | |

The election judges did not count these three ballots for any one for that office.  The County Court held that they should have been counted for the persons whose names had been written in, and, therefore, counted them for Trainor.  The election judges were right in not counting the ballots, for the electors failed to designate their choice of candidates as the law has always required.  Sec. 2235, Rev. St., relating to the form of a ballot, after stating how the names of candidates shall be printed and arranged thereon, and that there shall be left at the end of the list of candidates for each different office as many blank spaces as there are persons to be elected to such office, in which the elector might write the name of

any person not printed on the ballot, for whom he desires to vote, says:

"The ballots shall be so printed as to give each voter a clear opportunity to designate by a cross mark (X) in a sufficient margin at the right of the name of each candidate, his choice of candidates and his answer to the questions submitted, and on the ballot may be printed such words as will aid the voter to do this, as 'Vote for one,' 'Vote for three,' 'If you have not voted a straight ticket above, place a cross mark (X) with ink opposite each name you wish to vote for in the blank space left for that purpose,' and the like."

That part of the section relating to emblems and voting a straight ticket, of course, has been repealed, but its requirement that the ballot should be so printed as to afford a voter a clear opportunity to designate his choice by a cross mark is not changed. Sec. 2259 provides:

"On receiving his ballot the voter shall forthwith, and without leaving the enclosed space, retire alone to one of the voting shelves or compartments so provided, and shall prepare his ballot by marking, in ink, in the appropriate margin or place, a cross (X) opposite the name of the candidate of his choice for each office to be filled; and in case of a question submitted to a vote of the people, by marking in the appropriate margin or place a cross (X) against the answer which he desires to give; and in case of a vote for an entire or straight ticket or list of candidates, by making a cross (X) in the appropriate square after the name and emblem designating such ticket or list of candidates."

That part which relates to the voting of a straight ticket, has been repealed, but the requirement that he shall prepare his ballot by marking a cross opposite the name of the candidate of his choice for each office to be filled is still the law. Sec. 2266 provides that if an imperfect cross or mark be found near the name of a candidate which "appears to have been made with intent to designate the candidate so marked as the one voted for, such ballot shall not be rejected, if the intent of the voter to designate the person for whom he intended to vote can be reasonably gathered therefrom."

It is clear from so much as remains of the foregoing sections that it is necessary for the voter to designate his choice by a cross-mark opposite the name of the person for whom he desires to vote. The Headless Ballot law of 1913, after the passage of which, the election in question was held, provides in Sec. 1:

"The official printed paper ballot used at elections shall be arranged and prepared as now provided by law, except across the head or top of the ballot shall be printed only the following words: 'To vote for a person, make a cross-mark (X) in the square at the right of his name.' And in order to vote for any candidate whose name appears upon such ballot the voter shall place a cross-mark (X) in the square at the right of his name."

There can be no mistaking this language. It requires that in order to designate his choice the voter must use a cross-mark as the law requires. In this case no cross-mark was used anywhere with reference to any of the candidates for the particular office in question, and the ballots ought not to have been counted. The case of *Baldwin v. Wade,* 50 Colo. 109, 114 Pac. 390, is not like this one. There, the voter made a cross-mark (X) after the name of the candidate for whom he desired to vote, and the question was to ascertain the intent of the voter from the ballot that was marked with a cross-mark substantially as the law required. Here, there is no cross-mark at all and the voters failed to indicate any choice. If these ballots are not counted, Riley will have one hundred and twenty votes, as counted by the election judges and on the trial, and Trainor one hundred and eighteen votes, on the count as made at the trial, or one hundred and seventeen, as counted by the judges. This elects Riley.

The judgment is reversed and the cause remanded with directions to dismiss the contest.

*Reversed and Remanded.*

Decision *en banc.*

Mr. Justice Hill specially concurring:

I agree in the conclusion that the ballots under consideration should not have been counted for the defendant in error, Trainor, for the reason that the electors casting them have not designated their choice in the manner provided by statute. I also agree with the conclusion that the requirement that the elector shall prepare his ballot by marking a cross opposite the name of his choice for each office to be filled, in the blank space provided for that purpose, has not been repealed by the Headless Ballot law of 1913. In this respect I agree that the law is the same now as it was when the case of *Baldwin v. Wade,* 50 Colo., 109, 114 Pac. 399, was decided, but I cannot agree that the legal principles here involved can be distinguished from some of those declared in the *Baldwin-Wade* case; but to the contrary, by the conclusion reached we are overruling certain alleged law pronounced in that case, and I think properly so, for, in my opinion, it is not supported by reason or authority, and never ought to have been declared. Neither can I agree with the statement that in the *Baldwin-Wade* case the voter made a cross mark after the name of the candidate for whom the majority thought he intended to vote, or that his ballot was marked substantially as the law requires when applied to the candidate, Wade, for whom this court counted the ballot; but to the contrary, the ballot shows (a photograph copy of which I inserted in my dissenting opinion) that the voter made a cross in the space provided for that purpose to cast a vote for the opposing candidate, Baldwin, and directly opposite his name, as well as to the right of his party name, and at the exact place where the law says that a cross mark shall be made in order to vote for him. Yet, regardless of this, and the statute which thus authorizes it, simply because the name of Wade was written in on the line beneath Baldwin's name, and where it did not belong, and where it was outside of the blank spaces provided for the writing in of names,

this court refused to count the ballot for Baldwin, although cast for him as the law says it shall be, and counted it for Wade, in direct conflict with the provisions of the statutes. In my opinion the most that could be consistently be reasoned out in that case would be to say that it was impossible to determine for which candidate the voter intended to cast his ballot; but when it is considered in connection with the provisions of the statutes, it certainly ought not to have been said that the voter either made an effort to substantially or otherwise express his choice for Wade in the manner provided by law.

This case is much clearer concerning the intention of the voter than the *Baldwin-Wade* case. There is no contention that they intended to vote for any other candidate.· The evidence of their intention to vote for these is strengthened by the further fact that they wrote three names in, the exact number to be elected, and did not attempt to make any mark opposite the names of any candidate whose name was printed upon the ballot, and I have not a shadow of doubt but that the electors casting these ballots intended to vote for Trainor, otherwise, as said by the majority in the *Baldwin-Wade* case "If he did not want to vote for Wade, why did he write his name in?" If the *Baldwin-Wade* case declarations are sound, the same question is pertinent here 'If they did not want to vote for Trainor, why did they write his name in?' In my opinion, there is no answer to the question other than that these electors intended to vote for Mr. Trainor, as well as for the other two gentlemen whose names they also wrote in, and the only reason they should not be counted is because the voter has failed to express his choice in the manner provided by statute. That they are required to do so is recognized by all the authorities, many of which were set forth by Mr. Justice White and the writer in our dissenting opinions in the *Baldwin-Wade* case. On the other hand, the reasoning in the *Baldwin-Wade* case is to the effect that where the statute says, if for any reason it is impossible to determine the choice of any voter for any office to be filled,

the ballot shall not be counted, and that this clearly implies that if the converse is true, the ballot shall be counted, in the absence of any positive declaration of the statute that such a vote shall not be counted. This is followed by a declaration, in substance, that it would be a sacrifice of truth for technicality to say that such ballots ought not to be counted. If that reasoning is sound, when applied to the facts of that case, then I am impelled to suggest when applied to the facts here, that the same reasoning ought to compel this court to now say that it would be a sacrifice of truth of technicality to say that these ballots ought not to be counted for Trainor.

The weakness of the reasoning in the *Baldwin-Wade* case is demonstrated by the fact that the majority appear to have lost sight of the legal principle which is supported by all of the authorities, namely, that the declaration of a voter, in order to be effective, must be expressed in substantial compliance with the provisions of the statutes. The opinion in the present case recognizes this as the law, for which reason these votes are not to be counted, but if we were to follow the reasoning in the *Baldwin-Wade* case, this judgment ought to be affirmed, and we ought to say here, as the concluding paragraph in that case says, viz:

"It is thus seen that the county court arrived at the very right of the matter. That is the object of inquiry, and when that end is reached, no person can, in any manner, shape or form, be injured, but everyone, the voters and the candidates, are awarded and given exactly what they are entitled to."

It will thus be observed by these excerpts from that opinion that the principles attempted to be promulgated in the *Baldwin-Wade* case, are applicable to the facts here. To my mind this record discloses that the trial court so understood them, and while he was of opinion that these ballots should not have been counted, he added them to Trainor's total, in the belief that he was following the law as announced by this court in the *Baldwin-Wade* case. In this respect I think he was right,

and I am of opinion, for this reason, that he is entitled to an apology from this court for a reversal of this judgment. The judges of election, who are usually laymen and do not read the opinions of this court, followed the statute as it reads and declined to count these ballots for Trainor, as the former ones did in the *Baldwin-Wade* case. The trial judge while having the statutes before him, was also confronted by the opinion of this court in the *Baldwin-Wade* case, and it being our latest declaration upon the subject, and its principle being specially applicable to the facts here, he unquestionably felt that he was bound to follow its conclusions and is now to be reversed for so doing, but in my opinion this reversal can only be justified by the overruling of the *Baldwin-Wade* case, which as I view it is necessary, in order to get right in this respect.

I am authorized to state that Mr. Justice White concurs in these views.